

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| IN RE: | Case No. 15-19589-WIL |
| SONYA LYNETTE LEWIS AKA SONYA ELLIOT | |
|     Debtor | Chapter 13 |
| _____ | |
| SETERUS, INC AS THE AUTHORIZED | |
| SUBSERVICER FOR FEDERAL NATIONAL | |
| MORTGAGE ASSOCIATION ("FANNIE MAE"), | |
| CREDITOR C/O SETERUS, INC. | |
|     Movant | |
| v. | |
| SONYA LYNETTE LEWIS AKA SONYA ELLIOT | |
|     Debtor/Respondent | |
| and | |
| RUSSELL R. LEWIS | |
|     Co-Debtor/Co-Respondent | |
| | |
| and | |
| NANCY SPENCER GRIGSBY | |
|     Trustee/Respondent | |

_____

### AGREED ORDER TERMINATING THE AUTOMATIC STAY

SETERUS, INC AS THE AUTHORIZED SUBSERVICER FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC. ("Movant"), and Respondents, Russell R. Lewis and Sonya Lynette Lewis aka Sonya Elliot ("Debtors"), have reached an agreement in this matter, as follows. The Chapter 13 Trustee and Co-Debtor have not filed a response and consequently are not objecting to the relief requested.

Upon review of the Motion for Relief from Automatic Stay filed herein by Movant, it is ORDERED that:

BWW#: MD-142908

The Automatic Stay of 11 U.S.C. § 362(a) is hereby TERMINATED to permit Movant to cause the commencement or continuation of a foreclosure proceeding, and/or to pursue other means, as permitted by the terms of the Deed of Trust securing the Movant and as permitted by applicable law, of obtaining or transferring, title to the real property belonging to Debtors known as 2411 W. Rosecroft Village Circle, Oxon Hill, MD 20745 (the "Property"), and allowing the purchaser or transferee to obtain possession of same.

IT IS FURTHER ORDERED that the Movant shall forbear from commencing or continuing a foreclosure proceeding provided the Debtors:

1.  makes the regular monthly payment of $907.35, subject to periodic changes, on or before August 1, 2016, and on the 1st day of each month thereafter, as they become due, pursuant to the terms of the Promissory Note secured by the Deed of Trust on the above-referenced property. This shall include the payment of all real estate taxes and hazard insurance as they become due; and

2.  cures the post-petition arrears of $6,136.52, calculated as follows:

| | | |
|---|---|---|
| Two (2) missed payment(s) of $916.39 (February 1, 2016 through March 1, 2016) | = | $ 1,832.78 |
| Four (4) missed payment(s) of $907.35 (April 1, 2016 through July 1, 2016) | = | $ 3,629.40 |
| Motion for Relief Attorney Fee | = | $ 850.00 |
| Motion for Relief Filing Fee | = | $176.00 |
| Less Post-Petition Suspense Balance | = | $ (351.66) |
| Total Post-Petition Default | = | $ 6,136.52 |

by making a payment to Movant in the amount of **$1,022.77** (said figure represents one-sixth [1/6] of Debtor's post-petition arrears) on or before August 15, 2016, and continues making payments of $1,022.75 on or before the 15th day of each month and every month thereafter, through and including January 15, 2017.

IT IS FURTHER ORDERED that all payments to the Movant shall be made payable to:

Seterus, Inc.
P.O. Box 1047
Hartford, CT 06143

IT IS FURTHER ORDERED that if the holder of any other Deed of Trust or lien on the Property obtains relief from the Automatic Stay, then the Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate without any further proceeding in this Court.

IT IS FURTHER ORDERED that if any payment or portion of any payment required to be made hereunder is not received by Movant by the date that it is due, including any payment due on or after August 1, 2016, the Debtors shall be deemed to be in default under this Order. In such event, Movant's attorney shall file a Notice of Default with this Court stating the amount due under this Order and shall mail a copy of said Notice of Default to the Debtors and to Debtor's attorney. If, within ten

(10) days of the date of said notice, the Debtors does not cure the default by paying the amount stated in the notice, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall terminate without any further proceeding in this Court.

      IT IS FURTHER ORDERED that any cure of the Notice of Default must include all amounts set forth therein, including attorney's fees resulting from the Debtor's default, as well as any payments which have subsequently become due under the terms of the Agreed Order Terminating Automatic Stay and that are due at the time Debtors tenders funds to cure the default.

      IT IS FURTHER ORDERED that acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the Notice of Default and, in the absence of complete cure of the default, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall terminate on the expiration of the cure period without any further proceeding in this Court, notwithstanding partial payment.

      IT IS FURTHER ORDERED that upon the filing of the second such Notice of Default, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate and Movant shall be free to cause the commencement or continuation of a foreclosure proceeding against the Property without any further proceeding in this Court.

      IT IS FURTHER ORDERED that the Co-Debtor Stay imposed by 11 U.S.C. § 1301 is hereby TERMINATED.

      IT IS FURTHER ORDERED that Debtors consents that any and all communications including but, not limited to, notices required by state law, sent by Movant in connection with any and all proceedings against the property may be sent directly to the Debtors.

      IT IS FURTHER ORDERED that in the event the Debtors converts this case to a case under another Chapter of the U.S. Bankruptcy Code, or this case is dismissed, Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate without any further proceeding in this Court.

      IT IS FURTHER ORDERED this Agreed Order applies to any successor in interest of Movant and shall not be subject to the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

*/s/ Safa Ashrafi*
Safa Ashrafi, Esq., MD Fed Bar No. 07722
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852
301-961-6555
301-961-6545 (facsimile)
*Counsel for the Movant*

*/s/ Stacy Pace*
Stacy Rebecca Pace
1629 K Street NW, Suite 300
Washington, DC 20006
*Counsel for Debtors*

## CERTIFICATION OF CONSENT

I HEREBY CERTIFY that the terms of the copy of the agreed order submitted to the Court are identical to those set forth in the original agreed order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original agreed order.

*/s/ Safa Ashrafi*
Safa Ashrafi

cc:

BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852

Stacy Rebecca Pace
1629 K Street NW, Suite 300
Washington, DC 20006

Nancy Spencer Grigsby, Trustee
4201 Mitchellville Rd., Ste 401
Bowie, MD 20716

Russell R. Lewis
2411 W. Rosecroft Village Circle
Oxon Hill, MD 20745

Sonya L. Lewis
2411 W. Rosecroft Village Circle
Oxon Hill, MD 20745

**END OF ORDER**

BWW#: MD-142908